OPINION
{¶ 1} Appellant appeals his conviction and sentence entered in the Coshocton County Common Pleas Court on one count of trafficking in crack cocaine.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On February 10, 2002, Appellant sold 35 grams of crack cocaine to a confidential informant for $1,500.00. Said transaction was captured on audio/video tape by task force investigators.
{¶ 4} On March 25, 2002, the Coshocton County Grand Jury indicted appellant on one count of trafficking in more than 25 grams, but less than 100 grams, of crack cocaine, a first degree felony.
{¶ 5} At his arraignment, appellant entered a plea of not guilty to said charge.
{¶ 6} On August 27, 2002, a jury trial commenced in this matter.
{¶ 7} At trial, Appellant argued the affirmative defense of entrapment.
{¶ 8} After deliberations, the jury returned a verdict of guilty to the trafficking charge.
{¶ 9} On October 18, 2002, the trial court sentenced Appellant to eight years imprisonment, a mandatory fine of $10,000 and a five year driving rights suspension.
{¶ 10} It is from this conviction and sentence that Appellant now appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR
{¶ 11} "I. Defendant-appellant's conviction for trafficking in crack cocaine is not supported by evidence sufficient to satisfy the requirements of due process under U.S. Const. Amend. V and XIV. The court of Common Pleas abused its discretion and committed plain error in admitting the opinion testimony of the investigating narcotics detective that the substance involved in the transaction was crack cocaine. The remaining evidence in the record failed to establish that the trafficking offense involved crack cocaine as defined by R.C. 2925.01(GG).
{¶ 12} "II. The jury's findings that the trafficking offense involved crack cocaine and that defendant-appellant had not proven the affirmative defense of entrapment are against the manifest weight of the evidence.
{¶ 13} "III. The court of Common Pleas committed plain error and deprived defendant-appellant of his right to due process and a reliable jury determination of his guilt under U.S. Const. Amend V, VI and XIV and Ohio Const. Art. I §§ 10 and 16 as a result of its failure to include the statutory definition of crack cocaine in its charge to the jury regarding the essential elements of trafficking in crack cocaine.
{¶ 14} "IV. The prosecuting attorney's misstatements during closing argument as to the law on entrapment, the defective jury instructions on entrapment and burden of proof, and the common pleas court's failure to adequately answer the jury's request for clarification of the law of entrapment constituted plain error and deprived defendant-appellant of his right to due process and right to present a defense under U.S. Const. Amend. V, VI and XIV and Ohio Const. Art. I, §§ 10 and 16.
{¶ 15} "V. Defendant-appellant was denied his right to the effective assistance of counsel guaranteed him under U.S. Const. Amend. VI and XIV.
{¶ 16} "VI. Defendant-appellant's eight year prison sentence is not supported by the record and is contrary to law. The information in the sentencing record is clearly and convincingly unsupportive of the court's finding that a minimum prison term of three years would demean the seriousness of defendant-appellant's conduct and would not adequately protect the public from future crime by defendant-appellant or others."
 I.
{¶ 17} In his first assignment of error, Appellant argues that the evidence presented at trial was insufficient to support his conviction. We disagree.
{¶ 18} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational truer of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
{¶ 19} Appellant specifically argues that it was error to allow Detective West's testimony concerning the form or type of cocaine involved in the instant case.
{¶ 20} It should be noted that Appellant did not challenge Det. West's testimony at trial. Therefore, any error assigned to such qualifications would have to be reviewed under a plain error analysis.
{¶ 21} Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
{¶ 22} At trial, Appellant himself testified that the substance he sold to the informant was crack cocaine. (T. at 261-262).
{¶ 23} Moreover, even if the expert witnesses' testimony was admitted in error, we cannot find that such error amounted to plain error necessitating a reversal of defendant's convictions. Defendant has not demonstrated that the outcome of the trial clearly would have been different absent such testimony. The victim's testimony alone supports the convictions.
{¶ 24} When applying the aforementioned standard of review to the case sub judice, based upon the facts noted supra, we do not find, as a matter of law, appellant's conviction was based upon insufficient evidence.
{¶ 25} Appellant's first assignment of error is overruled.
 II.
{¶ 26} In his second assignment of error, Appellant argues that his conviction is against the manifest weight of the evidence. We disagree.
{¶ 27} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
{¶ 28} Appellant was convicted of one count of trafficking, in violation of R.C.R.C. 2925.03(A) (C)(4)(f), which states in pertinent part:
{¶ 29} "(A) No person shall knowingly do any of the following:
{¶ 30} "(1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount;
{¶ 31} ". . .
{¶ 32} "(C) Whoever violates division (A) of this section is guilty of one of the following:
{¶ 33} ". . .
{¶ 34} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of trafficking in cocaine. The penalty for the offense shall be determined as follows:
{¶ 35} ". . .
{¶ 36} "(f) If the amount of the drug involved equals or exceeds five hundred grams but is less than one thousand grams of cocaine that is not crack cocaine or equals or exceeds twenty-five grams but is less than one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."
{¶ 37} At trial, the State presented evidence in the form of testimony from Detective West, testimony from the confidential informant, the stipulated chemist's report and the video/audio tape in addition to Appellant's own testimony regarding his efforts in obtaining the cocaine and manufacturing it into crack.
{¶ 38} Based on the foregoing, we do not find that the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
{¶ 39} Appellant's second assignment of error is overruled.
 III.
{¶ 40} In his third assignment of error, Appellant argues that the trial court erred by failing to include the definition of crack cocaine in its instructions to the jury. We disagree.
{¶ 41} The record reflects that appellant failed to object to the instructions as given. "On appeal, a party may not assign as error the giving or failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Crim. R. 30(A). However, we may consider whether plain error occurred pursuant to Crim. R. 52(B): "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
{¶ 42} Upon review of the record in the case sub judice, we find that Appellant's defense strategies and theories of the case had nothing to do with the differences between the statutory definitions of cocaine and crack cocaine. The uncontroverted testimony of the detectives, along with the stipulated chemist's report and Appellant's own admission clearly established that the substance recovered from was crack cocaine. Therefore, we conclude that the trial court's omission of the statutory definitions of these controlled substances from the jury instructions did not affect the outcome of the trial.
{¶ 43} Appellant's third assignment of error is overruled.
 IV.
{¶ 44} In his fourth assignment of error, Appellant argues that the prosecutor's statements and the trial court's response to the jury's question concerning entrapment amounted to plain error. We disagree.
{¶ 45} Again, because at trial Appellant did not raise an objection to either the prosecutor's remarks or the trial court's jury instructions, in order to find plain error, we must find that, but for the error, the outcome of the trial clearly would have been otherwise.Long, supra.
{¶ 46} Appellant asserts that statements made by the prosecutor during closing argument amounted to prosecutorial misconduct. However, because the general jury instructions informed the jury that closing arguments do not contain evidence, we find no prejudice.
{¶ 47} Appellant also asserts that the trial court did not adequately respond to the jury's request for clarification as to the entrapment defense in that the trial court only reread to the jury that portion of the instructions dealing with entrapment.
{¶ 48} When a jury requests further instruction, or clarification of instructions previously given, a trial court may exercise its discretion in determining the appropriate response. State v. Carter
(1995), 72 Ohio St.3d 545. A trial court response directing the jury to the jury to reread written instructions that clearly and comprehensively answer the quesion, instead of giving further oral instructions, is appropriate and thin the scope of the court's discretion. See State v.Lindsey (2000), 87 Ohio St.3d 479, 488.
{¶ 49} Based on the foregoing we find no plain error.
{¶ 50} Appellant's fourth assignment of error is overruled.
 V.
{¶ 51} In his fifth assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.
{¶ 52} Specifically, Appellant argues that defense counsel was ineffective because he failed to preserve the errors argued in Assignments of Error I, III and IV above.
{¶ 53} A claim for ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
{¶ 54} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any give case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
{¶ 55} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. Lockhart v. Fretwell (1993), 506 U.S. 364, 370,113 S.Ct. 838, 122 L.Ed.2d 180.
{¶ 56} Based on our analysis of assignments of error I and III, we do not find that counsel for Appellant was ineffective in not objecting to Detective West's testimony concerning the crack cocaine or the lack of a definition for crack cocaine in the instructions as the defense presented was not one of denial of the charges but instead of entrapment.
{¶ 57} We further find, as it concerns counsel's failure to object to the prosecutor's statements that the failure to object to such statements made by the prosecutor in closing arguments is not error when the court has clearly instructed the jury that closing arguments are not evidence. State v. Bortner, 9th Dist. No. 02CA008189, 2003-Ohio-3508, at ¶ 36-39; State v. Brown, 12th Dist. No. CA2002-03-026, 2002-Ohio-5455, at ¶ 22.
{¶ 58} Accordingly, we conclude appellant cannot establish that he was prejudiced by defense counsel's performance. There is no evidence that indicates the result of the trial was unreliable or the proceeding was fundamentally unfair as a result of defense counsel's failure to preserve the above-mentioned errors.
{¶ 59} Appellant's fifth assignment of error is overruled.
 VI.
{¶ 60} In his sixth assignment of error, Appellant argues that his sentence is not supported by the record and is contrary to law. We disagree.
{¶ 61} Pursuant to R.C. 2953.08(G), an appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is otherwise contrary to law.
{¶ 62} Appellant argues that he should have been entitled to the R.C. 2929.14(B) presumption of the appropriateness of the shortest authorized prison term, based on his lack of prior imprisonment.
{¶ 63} The record reveals that the trial court, in its October 22, 2002, Judgment Entry of Sentencing at p. 2 stated "[t]he Court finds pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct and will not adequately protect the public by future crime by the defendant or others."
{¶ 64} In State v. Comer, 2003-Ohio-4165, 99 Ohio St.3d 463,793 N.E.2d 473, the Ohio Supreme Court found when an Ohio judge imposes a non-minimum sentence for a first offense, or sentences an offender to consecutive rather than concurrent prison terms for multiple convictions, the statutorily required legal findings supporting the sentencing decisions must be announced orally in court at the time the sentence is pronounced.
{¶ 65} Upon review of the transcript of the sentencing hearing, we find the trial court failed to state on the record at the sentencing hearing the findings required by R.C. 2929.14(E)(4) and Comer, supra. We therefore hold that a remand for resentencing is warranted.
{¶ 66} Appellant's sixth assignment of error is sustained.
{¶ 67} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed in part and reversed in part. The sentence is vacated and this matter is remanded to the trial court for re-sentencing in accord with law and consistent with this opinion.
Boggins, J., Gwin, P.J. and Wisw, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion Costs assessed to appellee.