[Cite as *State v. Shepherd*, 2011-Ohio-2192.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA3374 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Jeffery Shepherd, | : | **RELEASED 04/27/11** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Gene Meadows, Portsmouth, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____

Harsha, P.J.

{¶1} Jeffery Shepherd appeals his conviction for possession of cocaine following a traffic stop in Scioto County, Ohio. Shepherd argues that his conviction is against the manifest weight of the evidence because the state failed to establish that he possessed the cocaine. Specifically, Shepherd contends that police found the cocaine in the possession of another occupant of the vehicle Shepherd was traveling in and no evidence showed that he possessed it or had actual knowledge of its existence. However, a state's witness – the driver of the vehicle -- testified that Shepherd paid for the cocaine, possessed it, and used it prior to the traffic stop. Accordingly, we find no merit in Shepherd's argument and affirm his conviction.

I. Summary of the Case

{¶2} Following a traffic stop on Route 23 in Scioto County, Ohio, the state indicted Shepherd for: possession of cocaine, trafficking in drugs/cocaine, conspiracy to

traffic drugs, tampering with evidence, corrupting another with drugs, conspiracy to corrupt another with drugs, two misdemeanor counts of possession of drugs, and aggravated possession of drugs. Before trial, Shepherd pleaded guilty to one count of misdemeanor possession of drugs – related to a Klonopin pill Ohio State Highway Patrol troopers found hidden in his sock. The jurors found him not guilty of the other misdemeanor drug possession and the aggravated possession charge – both related to other prescription pills found during a search of the vehicle. The jurors convicted Shepherd on the remaining counts. After the court merged certain offenses for sentencing, it ordered him to serve an aggregate prison term of eight years and six months.

{¶3} At trial, Teresa Mosley testified that she drove Jason Kelly (her boyfriend), Shepherd, and Elizabeth Justice from Prestonsburg, Kentucky to Columbus, Ohio to obtain cocaine. Mosley explained that she previously lived in Columbus and knew a drug dealer there. The cocaine was for Shepherd, who would pay for it.

{¶4} Mosley testified that en route the group smoked marijuana and snorted crushed Xanax pills. Upon arrival in Columbus, Mosley parked the car at a Wal-Mart, met the drug dealer, and paid for the cocaine with Shepherd's money. Meanwhile, Shepherd and Kelly entered the Wal-Mart and purchased baking soda, spoons, and "chore." Mosley explained that Shepherd intended to make crack cocaine by heating a mixture of cocaine and baking soda in the spoons.

{¶5} When Shepherd came out of the Wal-Mart, she gave him the cocaine. The group snorted cocaine before leaving the parking lot. They then drove to a White Castle restaurant where they ordered food and two large cups of water. Mosley told the

group that if police pulled them over they should put the cocaine into the water so that it would dissolve.

{¶6}    Nick Lewis, a trooper with the Ohio State Highway Patrol, pulled Mosley's vehicle over for a traffic infraction as she was driving the group back to Kentucky.  At the time of the stop, Kelly sat in the front passenger seat; Shepherd was in the rear driver-side side seat with Justice next to him in the rear passenger seat.

{¶7}    Lewis testified that no one in the vehicle had any form of identification and so he obtained names and other identifying information and entered it in to the "LEADS" computer program.  LEADS reported that Shepherd had an outstanding warrant.  Lewis placed him in custody and located marijuana during a search incident to arrest.  Lewis or other troopers later removed the other occupants and proceeded to search the car.  During the search, they recovered prescription pills in the car, including Xanax and Oxycodone.

{¶8}    Mosley and Lewis at one point were sitting together in the backseat of a police cruiser.  Mosley testified that during this time she asked Shepherd where the cocaine was and he told her "it was gone."  Another trooper at the scene reviewed the "cruiser cam" recording of this conversation and, although the recording was mostly inaudible, he could hear the two discussing "where it was" and "what they did with it."

{¶9}    A trooper placed Justice in the front passenger seat of a cruiser and oriented the cruiser cam so it would record her activities.  At some later point during the traffic stop -- apparently at Mosley's urging -- Justice revealed to the troopers that she had cocaine on her person.  Troopers promised her that she would not go to jail that night if she produced the cocaine.  A trooper testified that he later reviewed the cruiser

cam and it captured Justice unzipping her pants and hiding a baggie of cocaine in the area of her vagina. Justice removed the baggie of cocaine from her vagina and gave it to the troopers. Troopers sent the baggie to a crime lab for analysis where it came back positive for cocaine at an approximate weight of 8 grams.

{¶10} Another trooper testified that Justice was cooperative throughout the arrest up until she had the opportunity to engage Shepherd in a brief conversation inside the police station. After this conversation, the trooper claimed that Justice "refused to cooperate whatsoever."

{¶11} Shepherd testified in his own defense and claimed that Mosley was lying. He admitted drinking the entire day and said that he continued to drink when the group made the trip to Columbus. Shepherd also admitted smoking some marijuana on the car ride. He denied snorting any Xanax or other pills. He also denied that he knew that the trip was for the purpose of obtaining cocaine and claimed that Mosley told him that she wanted to go to Columbus so that she could drop off Easter or Valentine's Day presents to her daughter.

{¶12} Shepherd testified that he remained in the car when the group arrived at Wal-Mart. Mosley got out and entered a purple van, which drove away, apparently to meet her daughter. He believed that she took presents with her, but was not sure. Shepherd recalled that Kelly went into the Wal-Mart but denied that he went as well.

{¶13} Shepherd testified that Mosley came back to the Wal-Mart in the same purple van and the group left, stopping at White Castle. Shepherd claimed that the first time he knew that there was cocaine in the car was after the trooper pulled the car over and he observed Mosley give the cocaine to Justice and tell her to "stuff" it.

## II. Assignment of Error

**{¶14}** Shepherd submits one assignment of error:

1. The verdict and conviction is against the manifest weight of the evidence presented at trial because the State of Ohio failed to prove possession and control of the drugs that are the subject of the indictment.

## III. Manifest Weight of the Evidence

**{¶15}** In his sole assignment of error, Shepherd contends that his conviction for possession of cocaine was against the manifest weight of the evidence.[1] He argues because evidence did not establish that he had "actual" knowledge of the existence of the cocaine that police recovered from Justice, the jurors could not find that he was in constructive possession of it. The state counters by pointing to Mosley's testimony, which revealed that Shepherd had knowledge of the cocaine and physically possessed it.

## A. Standard of Review

**{¶16}** "When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve." *State v. Puckett*, Ross App. No. 10CA3153, _____ Ohio App.3d _____, 2010-

---

[1] The argument in Shepherd's brief appears limited to attacking his conviction for possession of cocaine. Nonetheless, we observe that the language of his assignment of error is sufficiently broad to be interpreted as attacking other counts of the indictment. App.R. 16(A)(3) requires a statement of the assignment of error presented for review and App.R. 16(A)(7) requires a separate argument with respect to each assignment of error presented for review. Under App.R. 12(A)(2), we may disregard an assignment of error if a party fails to separately argue the assignment in the brief. Assuming that Shepherd intended to attack the weight of the evidence of all or some of his other convictions, he failed to separately argue those issues in the brief. And we therefore limit our review to the weight of the evidence supporting the possession of cocaine charge.

Ohio-6597, at ¶32, citing *State v. Issa,* 93 Ohio St.3d 49, 67, 2001-Ohio-1290, 752 N.E.2d 904; *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraph one of the syllabus. "If the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence." Id. at ¶33, citing *State v. Eley* (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, at syllabus (superseded on other grounds). We will reverse a conviction only in the "exceptional" case where the evidence weighs heavily against the conviction and it appears that the fact-finder, when resolving conflicts in the evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

**{¶17}** R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." The jury found Shepherd guilty of the (C)(4)(b) subsection, which defines possession of cocaine in an amount equaling or exceeding five grams but less than twenty-five grams as a felony of the fourth degree.

**{¶18}** We have reviewed the entire trial record and we are confident that this is not one of the rare cases where the evidence weighs heavily against the jury verdict. Shepherd concentrates solely on the testimony of the State Highway Patrol troopers, who testified that they retrieved the baggie of cocaine from Justice and on cross-examination admitted that they never saw Shepherd possess any cocaine. However, Shepherd fails to mention, much less address, Mosley's testimony. Mosley testified that

Shepherd paid for the cocaine, possessed it during the car ride, and used it.  She explained that the reason the group made the four-hour one-way car trip to Columbus, Ohio from Prestonsburg, Kentucky was to obtain the cocaine.

{¶19}  Thus, Mosley contradicted Shepherd who denied any knowledge of the cocaine and claimed that he thought the group was traveling to Columbus so that Mosley could drop off Easter or Valentine's Day presents to her daughter.  Shepherd insisted he just went along for the ride, which he claimed was not unusual because he was drunk and "easy to talk into getting into the vehicle."

{¶20}  However, the jurors apparently found Mosley more credible than Shepherd.  We defer to the jurors' credibility determinations.  Unlike us, they were able to observe the two witnesses' "demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."  *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.  Moreover, Mosley's explanation for setting out on an eight-hour round-trip car ride with three drug users, i.e., to obtain a substantial amount of cocaine, seems more plausible to us than Shepherd's claim that he was unaware of any purpose for the trip other than Mosley dropping presents off to her daughter.  Mosley's testimony provided substantial evidence upon which jurors could have found beyond a reasonable doubt that Shepherd obtained, possessed, and used the cocaine.  And because Mosley's testimony provided substantial evidence of his physical possession and use of the cocaine, we need not address his argument that the state failed to prove "constructive possession" in lieu of actual possession.  Consequently, Shepherd's sole assignment of error is meritless.

JUDGMENT AFFIRMED

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, J. & Kline, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**