[Cite as *State v. LaPlante*, 2011-Ohio-6675.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :        Case No.   11CA3215

    vs.                                 :

STEVEN LAPLANTE,                        :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Steven LaPlante, #A577-748, Chillicothe Correctional
                              Institute, 15802 State Route 104 North, P.O. Box 5500,
                              Chillicothe, Ohio 45601, Pro Se

COUNSEL FOR APPELLEE:         Matthew S. Schmidt, Ross County Prosecutor, and Richard
                              W. Clagg, Ross County Assistant Prosecuting Attorney, 72
                              North Paint Street, Chillicothe, Ohio 45601

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-21-11

ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment that denied

a motion by Steven LaPlante, defendant below and appellant herein, to withdraw his guilty plea.

Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED WHEN IT DENIED THE
> APPELLANT'S MOTION TO WITHDRAW HIS GUILTY
> PLEA; [sic] BECAUSE THERE WAS SUFFICIENT EVIDENCE

TO PROVE COUNSEL INEFFECTIVE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN TAKING 22 MONTHS TO RULE ON [THE] MOTION TO WITHDRAW GUILTY PLEA."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN CONVICTING OF FELONIOUS ASSAULT [sic] INSTEAD OF LESSER [sic] CHARGE OF AGG. [sic] ASSAULT."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ALLOWED AN ATTORNEY THAT WAS NOT THE ATTORNEY OF RECORD IN CASE NO. 06CR382 TO NEGOTIATE THE PLEA IN OPEN COURT."

{¶ 2}   On February 29, 2008, the Ross County Grand Jury returned an indictment that charged appellant with one count of felonious assault in violation of R.C. 2903.11.   Appellant later agreed to plead guilty in exchange for a recommendation that he serve six years in prison.

{¶ 3}   At the April 24, 2008 change of plea hearing, the trial court, after being satisfied that appellant was aware of his rights and that his plea was knowing and voluntary, accepted appellant's plea and found him guilty.   The court thereafter sentenced appellant to serve six years.   No appeal was taken from that judgment.

{¶ 4}   On March 23, 2009, appellant filed a motion to withdraw his guilty plea.   The gist of his motion is that trial counsel had rendered ineffective assistance in that she did not mount a defense on his behalf.

{¶ 5}   On January 27, 2011, the trial court overruled the motion.   The court reasoned, in

essence, that appellant had not demonstrated that any defense existed that trial counsel could have raised on his behalf.   This appeal followed.[1]

I

**{¶ 6}**   In his first assignment of error, appellant asserts that the trial court erred by overruling his motion to withdraw guilty plea.   Our analysis begins with the premise that a post-sentence guilty plea may be withdrawn only to correct a "manifest injustice." Crim.R. 32.1.   Furthermore, a decision to grant a Crim.R. 32.1 motion lies in the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph two of the syllabus; State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus.

**{¶ 7}**   Generally, an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable.   State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335; State v. Moreland (1990), 50 Ohio St.3d 58, 61, 552 N.E.2d 894, 898.   When conducting a review under the abuse of discretion standard, appellate courts must not substitute their judgment for that of the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

**{¶ 8}**   In the case sub judice, we conclude that the trial court's decision on this matter is

---

[1] Appellant's brief presents one argument for all four assignments of error.   Separate arguments are required for each assignment of error.   See App.R. 16(A)(7).   A failure to provide separate arguments is grounds for us to disregard them.   See App.R. 12(A)(2). State v. Shepherd, Scioto App. No. 10CA3374, 2011-Ohio-2192, at ¶15, fn. 1; State v. Keck, Washington App. No. 09CA50, 2011-Ohio-1643, at ¶46, fn. 11.   In short, we have the authority to disregard this entire appeal and affirm the trial court's judgment.   Nevertheless, this Court has a long tradition of affording leniency to pro se litigants. See e.g. Powell v. Valandingham, Washington App. No. 10CA24, 2011-Ohio-3208, at ¶24.   Accordingly, we will consider the merits of his arguments.

correct and does not constitute an abuse of discretion.   First, the doctrine of res judicata bars a

defendant from raising any issue in a post-sentence Crim.R. 32.1 motion to withdraw guilty plea

that could have been raised, but was not, on direct appeal. See e.g. State v. Nickelson, Lawrence

App. No. 10CA21, 2011-Ohio-1352, at ¶8; Jackson v. Friley, Jackson App. No. 07CA1,

2007–Ohio-6755, at ¶17.   If appellant truly believed that trial counsel provided ineffective

assistance, he could have raised that issue on direct appeal.   After all, the alleged errors he now

raises would have been apparent at the time of his conviction the same as they were ten months

later when he filed his motion.

{¶ 9}   Second, we agree with the trial court's observation that appellant presented

nothing to substantiate an available defense that trial counsel could have made, but did not,

during her representation.[2]   Generally, a successful ineffective assistance of counsel claim must

show (1) an error by trial counsel, and (2) that such error prejudiced the defense.   Prejudice will

not be assumed on an ineffective assistance claim, but must be affirmatively shown.   State v.

Chambers, Adams App. No. 10CA902, 2011-Ohio-4352, at ¶54; State v. Hughes, Athens App.

No. 08CA19, 2010-Ohio-2969, at ¶27; State v. Clark, Pike App. No. 02CA684, 2003-Ohio-1707,

at ¶22.

{¶ 10}  In the case sub judice, the trial court correctly points out that appellant's motion

neglected to argue that he had a valid defense to assert.   Instead, appellant argued that his trial

counsel failed to mount any defense.   This is not sufficient to establish ineffective assistance of

---

[2] We also note that when asked during the April 16, 2008 change of plea hearing whether he was satisfied with his trial counsel's representation, appellant responded in the affirmative.   If appellant believed that counsel's efforts were ineffective, this might have been an appropriate stage of the proceedings to make that opinion known to the trial court.

trial counsel, nor is it sufficient for appellant to demonstrate that he would suffer a manifest injustice if not permitted to withdraw his guilty plea.

{¶ 11} Therefore, the trial court did not abuse its discretion in overruling appellant's motion and we hereby overrule appellant's first assignment of error.

II

{¶ 12} In his second assignment of error, appellant asserts that the passage of time between the date he filed his motion and the trial court's subsequent ruling constitutes an abuse its discretion. We, however, fail to see how the delay caused appellant to suffer any prejudice. This is particularly true in view of the trial court's conclusion, as well as our own, that appellant's motion has no merit.

{¶ 13} Thus, because we find no prejudice nor reversible error, we hereby overrule appellant's second assignment of error.

III

{¶ 14} We now jointly consider appellant's third and fourth assignments of error that raised allegations of error in his conviction and in yet another case with which appellant was involved.

{¶ 15} Proceeding in reverse order, appellant's fourth assignment of error raises an issue from Ross County Common Pleas Court No. 06CR382. However, his appeal in the case sub judice emanates from Ross County Common Pleas Court Case No. 08CR77. Any error from the 2006 case must be raised in an appeal of that case. An appeal from Case No. 08CR77 is not the proper forum to raise that issue.

{¶ 16} Appellant's claim that he should have been convicted of aggravated assault rather

than felonious assault is yet another issue that he could have raised on direct appeal of his conviction. The doctrine of res judicata bars from consideration in a later proceeding an issue that could have been raised in appeal, but was not. See e.g. Jackson, supra at ¶17; State v. Pemberton, Gallia App. No. 10CA4, 2011-Ohio-373, at ¶19. Appellant did not appeal his original conviction in the case sub judice and, thus, is barred from raising this issue at this time. Consequently, neither of the issues appellant raises in his third and fourth assignments of error are properly before us. For these reasons, we hereby overrule appellant's third and fourth assignments of error.

{¶ 17} Having considered all of the errors appellant assigned and argued, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio

Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.