[Cite as *State v. Brown*, 2012-Ohio-5532.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

      Plaintiff-Appellant             :          C.A. CASE NO. 25204

vs.                                     :          T.C. CASE NO. 2011 CR 2613

RODERICK BROWN                          :          (Criminal appeal from the
                                               Common Pleas Court)

      Defendant-Appellee              :

· · · · · · · · ·

# O P I N I O N

Rendered on the 30th day of November, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Prosecuting Attorney, by Andrew T. French, Assistant Prosecuting Attorney, Atty. Reg. No. 0069384, P.O. box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

Charles L. Grove, Atty. Reg. No. 0029144, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   This appeal is brought by the State pursuant to R.C. 2945.67(A) and Crim.R. 12(K) from an order granting Defendant Roderick Brown's motion to suppress evidence.

{¶ 2}   The parties stipulated to the following facts:

{¶ 3}  Early on the morning of August 2, 2011, Grandview Hospital Police Officers Sult and Simon were on foot patrol in the City of Dayton, within the area surrounding the hospital.   The Grandview officers patrolled the surrounding area in accordance with a Mutual Aid Agreement between their department and the City of Dayton Police Division.

{¶ 4}  The officers saw Defendant riding his bicycle without lights, which they believed was a minor misdemeanor violation of a Dayton City ordinance.   The officers stopped Defendant and asked him for identification.   As was Officer Sult's practice with anyone he stopped, Officer Sult asked Defendant if he had any weapons.   Defendant admitted that he did, and Officer Sult immediately ordered Defendant to the ground at gunpoint. Officer Simon removed an unloaded handgun from Defendant's back pocket.   A magazine and ammunition were found in another pocket.

{¶ 5}  Defendant was charged with carrying a concealed weapon.   He filed a motion to suppress, which the trial court granted.   The State appeals, raising one assignment of error.

{¶ 6}    "STOPPING BROWN FOR NOT HAVING A LIGHT ON HIS BICYCLE WAS EQUIVALENT TO A ROUTINE TRAFFIC STOP.   ROADSIDE QUESTIONING DURING A ROUTINE TRAFFIC STOP DOES NOT CONSTITUTE CUSTODIAL INTERROGATION REQUIRING *MIRANDA* WARNINGS, AND SO THE OFFICERS WERE NOT REQUIRED TO ADVISE BROWN OF HIS *MIRANDA* WARNINGS BEFORE ASKING HIM IF HE HAD ANY WEAPONS ON HIS PERSON.   THE TRIAL COURT ERRED, THEREFORE, IN FINDING DIFFERENTLY AND IN SUSTAINING BROWN'S MOTION TO SUPPRESS."

{¶ 7} When considering a motion to suppress, the trial court assumes the role of the trier of facts and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* Accepting those facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Id.*

{¶ 8} The underlying facts of this case are not in dispute. The trial court accepted as true the facts summarized above and as stipulated to by the parties. On appeal, the State challenges the trial court's legal finding that *Miranda* warnings were required prior to Defendant's being asked if he had a weapon, because officers lacked a particularized suspicion that Defendant was armed and dangerous.

{¶ 9} "A police officer may lawfully stop a vehicle, motorized or otherwise, if he has a reasonable, articulable suspicion that the operator has engaged in criminal activity, including a minor traffic violation." *State v. Roberts,* 2d Dist. Montgomery No. 23219, 2010-Ohio-300, ¶ 14 (Defendant stopped for traffic violations while riding his bicycle). Here, the officers properly stopped Defendant for failing to have a light on his bicycle, in violation of both Dayton R.C.G.O. 74.03 and R.C. 4511.56(A)(1).

{¶ 10} The United States Supreme Court held that the "noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not 'in custody' for the purposes of *Miranda.*" *Berkemer v. McCarty,* 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Therefore, routine roadside questioning of a driver

during an ordinary traffic stop does not constitute a custodial interrogation requiring *Miranda* warnings. *Id.; Pennsylvania v. Bruder,* 488 U.S. 9, 10, 109 S.Ct. 205, 102 L.Ed.2d 172 (1984).

**{¶ 11}** Additionally, we have held that it is permissible for a police officer to ask someone stopped for a traffic violation if he is armed, even absent a reasonable suspicion that the person is armed and presents a danger to the officer or others. *State v. Lenoir,* 2d Dist. Montgomery No. 12646, 1997 WL 309370 (June 6, 1997). As we explained in *Lenoir,* officers have a legitimate concern for their safety when conducting traffic stops. Although any search for weapons must be based on reasonable, articulable suspicion that a weapon is present, "a simple inquiry as to whether the person stopped has a weapon is not a search or a seizure." *Id.*

**{¶ 12}** As occurred in this case, the detainee's response to such a question may provide the reasonable, articulable suspicion that the person is armed. When Defendant admitted that he possessed a weapon, officers were presented with a particularized and reasonable, articulable suspicion that justified their patdown of Defendant for weapons pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The gun that was discovered in the course of the patdown was properly seized as evidence of the CCW offense with which Defendant was charged. The trial court erred in suppressing the gun recovered from Defendant's person.

**{¶ 13}** The State's sole assignment of error is sustained. The decision of the trial court granting Defendant's motion to suppress is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Fain, J., and Hall, J., concur.

**Copies mailed to:**

**Andrew T. French, Esq.**
**Charles L. Grove, Esq.**
**Hon. Barbara P. Gorman**