[Cite as *State v. Walters*, 2013-Ohio-772.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 : Case No. 12CA949
                                        :
    vs.                                 :
                                        : DECISION AND JUDGMENT
DARRYL L. WALTERS,                      : ENTRY
                                        :
    Defendant-Appellant.                : **Released: 02/23/13**

_____

APPEARANCES:

Darryl L. Walters, Lebanon, Ohio, Appellant, pro se.

C. David Kelley, Adams County Prosecutor, and Kris D. Blanton, Assistant Adams County Prosecutor, West Union, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Appellant, Darryl Walters, appeals the trial court's denial of his motion to withdraw his guilty plea and for a new trial, which was filed more than three years after he was convicted and sentenced. On appeal, Appellant raises only one assignment of error, contending that the trial court denied his motion to withdraw his guilty plea without an evidentiary hearing. In light of our conclusions that 1) Appellant's arguments are barred by res judicata, and 2) Appellant's arguments fail even if addressed on the merits, Appellant has failed to demonstrate a manifest injustice requiring

withdrawal of his guilty plea. As such, we cannot conclude that the trial court abused its discretion when it denied Appellant's motion without holding a hearing. Accordingly, Appellant's sole assignment is overruled and the decision of the trial court is affirmed.

FACTS

{¶2} On February 22, 2008, Appellant was indicted for the special felony of murder, in violation R.C. 2903.02(A), stemming from the death of Melinda Powell in July of 2004. Although the factual information in the record is limited, the record reveals that discovery provided to Appellant by the State indicates that Appellant made statements to law enforcement regarding the crime.

{¶3} Specifically, the discovery provides Appellant stated to law enforcement as follows: "[H]e picked up Melinda Powell on the night of her death and had parked his truck at the rear of the Dayton Walters Building in Portsmouth. He stated that they were having sex when a car pulled up and they left. He stated that he was going to have sex with her again and found that she was dead. He stated he placed her body in the brush on Coffee Hollow where it was found."

The discovery provided by the State further indicated that audio and video statements of Appellant were available for review, but these were not made part of the record below and as such are not part of our record on appeal.

{¶4} On August 7, 2008, Appellant withdrew his original plea of not guilty in this matter and instead entered a plea of guilty of murder. In October of 2008, Appellant entered into a plea negotiations whereby he would plead not guilty to the murder charge, with the agreement that his defense counsel and the State would "reargue sentence." The transcript from the change of plea recited this agreement and Appellant's understanding thereof. Appellant was subsequently sentenced to an indefinite prison term of fifteen years to life.

{¶5} Appellant did not file a direct appeal of his conviction and sentence, nor has he filed any motions for post-conviction relief. On December 16, 2011, over three years after he was sentenced, Appellant filed a motion to withdraw his guilty plea and requested a new trial. In his motion, Appellant argued that his trial counsel had misadvised him regarding the length of his sentence. Specifically, Appellant alleged that his trial counsel was, at the time, not only representing him on the murder charge in Adams County, but also on two additional homicide charges in Scioto County.

{¶6} Appellant argued that his trial counsel had advised him that in exchange for entering pleas of guilt on the murder charges in both counties, he would receive sentences of fifteen years to life on each count, all to be served concurrently to one another.  Appellant argued that while the Adams County court had imposed the sentence as agreed, that Scioto County court ordered that the Scioto County sentences were to be served concurrently to one another, but consecutively to the Adams County sentence, contrary to the alleged agreement.  Appellant further argued in his motion that he received ineffective assistance of counsel by virtue of his trial counsel's failure to file a motion to suppress his incriminating statements, which he claimed were made without a proper *Miranda* warning.

{¶7} The State objected to Appellant's motion, and the trial court denied Appellant's motion without a hearing by entry dated May 18, 2012. It is from this entry denying his motion that Appellant now brings his appeal, setting forth a single assignment of error for our review.

ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT AN EVIDENTIARY HEARING."

## LEGAL ANALYSIS

{¶8} In his sole assignment of error, Appellant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea without an evidentiary hearing.  Specifically, Appellant argues his trial counsel's erroneous advice regarding the negotiated plea amounted to a manifest injustice entitling him to withdraw his plea.  He further argues that trial counsel's failure to file a motion to suppress constituted ineffective assistance of counsel, which he argues also resulted in a manifest injustice. Appellant contends that having presented the trial court with facts constituting a manifest injustice, the trial court abused its discretion in denying the motion without first holding an evidentiary hearing.

### Standard of Review

{¶9} Crim.R. 32.1, which governs motions to withdraw guilty pleas, provides: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶10} Accordingly, a defendant who wishes to withdraw a plea of guilt after the court has passed sentence must demonstrate a "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph

one of the syllabus (1977). The Supreme Court of Ohio has defined "manifest injustice" as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "[U]nder such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264; citing *United States v. Semel* (C.A.4, 1965), 347 F.2d 228 [subsequent history omitted].

{¶11} The movant bears the burden of establishing a manifest injustice. Id. The decision of whether to grant or deny a motion to withdraw a guilty plea is addressed "to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Id., citing *United States v. Washington* (C.A.3, 1965), 341 F.2d 277 [subsequent history omitted]. Thus, we will not reverse a trial court's decision to grant or deny a postsentence motion to withdraw a guilty plea unless the trial court abused its discretion, i.e., the court's decision was "unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157-158, 404 N.E.2d 144 (1980).

{¶12} Appellant argues that his guilty pleas amounted to a manifest injustice because (1) his trial counsel misadvised him as to the sentences he would receive in exchange for pleading guilty to the Adams County case, as well as both of the Scioto County cases; and (2) he received ineffective

assistance of counsel based upon his trial counsel's failure to file a motion to suppress incriminating statements made to law enforcement while Appellant was in custody. Appellant additionally contends that the trial court abused its discretion by not holding a hearing on the motion to withdraw the guilty plea.

Plea Negotiation and Sentence

{¶13} Appellant first argues that his trial counsel informed him that in exchange for pleading guilty to both of the Scioto County cases, he would receive two fifteen years to life sentences, to be served concurrently to one another, and concurrently to the fifteen years to life sentence he would receive in connection with his plea of guilt in the Adams County case. As Appellant was sentenced in Adams County first, the Adams County Court imposed an indefinite fifteen years to life sentence. However, the Scioto County court subsequently ordered two fifteen years to life sentences for the Scioto County cases to be served concurrently to one another, and consecutively to the Adams County sentence.

{¶14} To the extent that this argument claims ineffective assistance of counsel in explaining the negotiated terms of the plea agreement, it is arguably waived. "Generally, the doctrine of res judicata bars from review claims of ineffective assistance of counsel raised in a postsentence Crim.R.

32.1 motion to withdraw a guilty plea if those claims were or could have been asserted on direct appeal." *State v. Pemberton*, 4th Dist. No. 10CA4, 2011-Ohio-373, ¶ 19; citing, *State v. Vincent*, Ross App. No. 03CA2713, 2003-Ohio-3998, at ¶ 11. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " *Pemberton* at ¶ 19; quoting, *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus (1967).

{¶15} Similarly, the doctrine of res judicata bars Appellant from raising issues of ineffective assistance of counsel that could have been addressed in a motion for post-conviction relief. *Pemberton* at ¶ 19; see also, *State v. Lott*, Cuyahoga App. Nos. 79790, 79791, 79792, 2002-Ohio-2752, at ¶ 41. Stated another way, res judicata bars Appellant from raising claims of ineffective assistance that occurred both "on-the-record" (direct appeal) and "off-the-record" (postconviction relief) in his current Crim.R. 32 .1 motion.

{¶16} Appellant could have raised this claim of ineffective assistance on direct appeal; however he did not appeal from his original conviction and sentence. Further, to the extent this issue relies upon evidence outside the record, namely off the record conversations he had with his trial counsel, Appellant could have asserted this argument through a petition for post-conviction relief, but failed to do so. Therefore, res judicata bars our consideration.

{¶17} Further, even assuming our consideration of this issue is not barred by res judicata, a review of the record contradicts the claim asserted by Appellant. Although Appellant claims that his trial counsel advised him that his Adams County sentence would run concurrent to any sentences subsequently imposed in Scioto County, Appellant stated otherwise, on the record, at the August 7, 2008, change of plea hearing. For example, the following exchange occurred at that hearing:

"STATE OF OHIO:      Your honor may I please the Court it's my understanding that the defendant is going to plead guilty as charged to the one count indictment and both the State and the defense will be reargue [sic] sentence.

COURT:              Very well, Mr. Westfall is that you're [sic]

understanding of the stated plea of the negotiation

results[?]

MR. WESTFALL:       It is however there is only one statutory sentence

here, the fifteen to life.

COURT:              Indefinite term of fifteen years to life.

MR. WESTFALL:       Yes.

COURT:              Okay, Mr. Walters did you understand the stated

results of the plea negotiations that were conducted

on your behalf?

MR. WALTERS:        Yes I do.

COURT:              Did you authorize Mr. Westfall to enter into plea

negotiations on your behalf?

MR. WALTERS:        Yes I did.

COURT:              Are you satisfied with the results sir?

MR. WALTERS:        Yes.

* * *

COURT:              Mr. Walters because of the nature of this charge

the penalties are mandatory, but other than the

mandatory penalties, has anyone promised you or

suggested to you that if you would enter a plea of

guilty that the Court would sentence you to

anything other than the mandatory penalties that

the Court has advised you of?

MR. WALTERS:          No."

{¶18} Thus, the transcript indicates that Appellant voiced his

agreement to the sentence in Adams County, and stated he had been made

no other promises with respect to sentencing.  Accordingly, Appellant's first

argument is without merit.   See *Pemberton*, generally.

Motion to Suppress

{¶19} In his next argument, Appellant contends that he received

ineffective assistance of counsel by virtue of his trial counsel's failure to file

a motion to suppress.  As set forth above, the doctrine of res judicata

generally bars from review claims of ineffective assistance of counsel raised

in a postsentence Crim.R. 32.1 motion to withdraw a guilty plea if those

claims were or could have been asserted on direct appeal. *State v. Vincent*,

supra, at ¶ 11.  If Appellant believed he was provided with ineffective

assistance of counsel at the trial court level, by virtue of his counsel's failure

to file a motion to suppress, he could have raised that issue in a direct

appeal, as this issue would have been apparent at the time of his conviction. *State v. LaPlante*, 4th Dist. No. 11CA3215, 2011-Ohio-6675, ¶ 8.

{¶20} Additionally, we note that the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52. Instead, the failure to file a motion to suppress amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. *State v. Resendiz,* 12th Dist. No. CA2009-04-012, 2009-Ohio-6177, ¶ 29; citing, *State v. Brown*, Warren App. No. CA2002-03-026, 2002-Ohio-5455, ¶ 11. According to *Resendiz*, we are to presume that trial counsel was effective if he could have reasonably decided that filing a suppression motion would be a futile act, even if there is some evidence in the record to support a motion. *Resendiz* at ¶ 29.

{¶21} Again, assuming that this issue is not barred by res judicata, we would find no merit to Appellant's argument. Here, there is limited information in the record as to the details of the crime committed by Appellant. Other than the indictment and bill of particulars describing the victim and the offense that occurred, we only have a paragraph description of a statement given by Appellant that was provided by the State as part of the discovery process. There is nothing in the record before us to indicate

whether Appellant was or was not advised of his *Miranda* rights before he was interviewed by law enforcement. Although the State's discovery indicates the interviews were recorded, these recordings are not in the record. Further, other than simply alleging he was not *Mirandized*, Appellant cites us to no particular interview, or any particular statement that he claims should have been suppressed.

{¶22} Viewing the totality of the evidence contained in the record, which is admittedly quite limited, we believe it was reasonable for trial counsel to conclude that filing a motion to suppress would be futile. Thus, even if Appellant's argument is not barred by the doctrine of res judicata, we find it to be without merit.

Evidentiary Hearing

{¶23} Finally, Appellant argues that the trial court abused its discretion in failing to hold an evidentiary hearing on his motion. "A trial court is not always required to conduct an evidentiary hearing when presented with a post-sentence motion to withdraw a guilty plea." *State v. Vincent*, supra, at ¶ 10 (internal citations omitted); see also, *State v. Pemberton*, supra, at ¶ 26. Instead, a trial court is only required to conduct an evidentiary hearing if the facts alleged by a defendant indicate a manifest injustice would occur if the plea were permitted to stand. Id. Further, if the

record conclusively and irrefutably contradicts the defendant's allegations, an evidentiary hearing is not required. *Vincent* at ¶ 10.

{¶24} Because we have already concluded that res judicata bars consideration of the merits of the issues raised by Appellant, the trial court was not required to hold an evidentiary hearing on Appellant's motion. Further, as set forth above, the information contained in the limited record presently before us contradicts Appellant's allegations. Accordingly, we find no merit to this argument.

{¶25} Having found that the arguments raised under Appellant's sole assignment of error are barred by res judicata, and further having found no merit to the assignment of error, Appellant has failed to demonstrate that a manifest injustice will occur if he plea is permitted to stand. As such, we cannot conclude that the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea without a hearing. Thus, Appellant's sole assignment of error is overruled. Accordingly, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.:   Concurs in Judgment and Opinion.
Harsha, J.:  Concurs in Judgment Only.

For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**