[Cite as *State v. Siggers*, 2014-Ohio-506.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA3368 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| ANTHONY D. SIGGERS, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 01/31/14** |

APPEARANCES:

Chase B. Bunstine, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Cynthia G. Schumaker, Ross County Assistant Prosecuting Attorney, for appellee.

Harsha, J.

{¶1}     Anthony Siggers appeals his convictions for having a weapon while under a disability and carrying a concealed weapon.  Siggers claims that he was denied the effective assistance of his trial counsel because his attorney failed to move to suppress a gun seized by the police and admitted into evidence.  But the record establishes that the decision of his trial counsel not to file a motion to suppress the gun fell within the range of reasonable professional assistance; moreover, a motion to suppress would not have been successful.  Therefore, Siggers's assignment of error is meritless, and we affirm the judgment of the trial court.

I. FACTS

{¶2}     Shortly after 1:00 a.m. Chillicothe Police Officer Matthew Howell was on patrol when he saw a person riding a green mountain bicycle in the parking lot of Citizens National Bank in Ross County.  Thinking that it was "quite odd" that a person

would be riding a bike at that time in a bank parking lot and realizing that "there were no lights on the bike as required by the city ordinances," Officer Howell pulled into the parking lot to contact the person. Siggers "did not have a taillight on the bike or a headlight on the bike."

{¶3} The person then rode the bike around the cruiser and stopped along the driver's side. Officer Howell exited his patrol car and recognized that the person on the bicycle was Anthony Siggers. The police officer knew Siggers because the officer was the investigating arresting officer in a previous incident involving Siggers. The officer asked, "What's up, Anthony?" but Siggers responded that his name was "Tony" and not "Anthony." When Officer Howell then asked Siggers what his last name was, Siggers lied and said it was "Hall." The officer requested that Siggers provide identification. At the time, Officer Howell did not know that Siggers had an active arrest warrant for a traffic matter.

{¶4} Siggers became more and more nervous as Officer Howell talked to him, and when the officer stepped towards him and told him to place his hands behind his back, Siggers's left hand went down to his waistband and grabbed ahold of a handle that appeared to be a weapon. Officer Howell then stepped back to draw his own gun, and Siggers took off running, clutching his waistband the entire time.

{¶5} As the officer ran after him, Siggers briefly fell down and a black object dropped from his waistband onto the ground. Siggers got away, and Officer Howell retrieved a loaded Smith and Wesson handgun, which Siggers had dropped during the chase. Shortly thereafter, police arrested Siggers near his girlfriend's residence.

{¶6}    A Ross County grand jury returned an indictment charging Siggers with one count of carrying a concealed weapon in violation of R.C. 2923.12, a felony of the fourth degree, one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree, and one count of having a weapon while under a disability in violation of R.C. 2923.13, a felony of the third degree.

{¶7}    Following a jury trial in the Ross County Court of Common Pleas where Siggers was represented by counsel, the jury returned a verdict finding him guilty of carrying a concealed weapon and having a weapon while under a disability but not guilty of receiving stolen property.  Siggers's counsel did not file a motion to suppress the gun, which had been admitted into evidence at trial.  The trial court merged the convictions[1] and sentenced Siggers to 36 months in prison.  Siggers's appealed and obtained new counsel.

## II. ASSIGNMENT OF ERROR

{¶8}    Siggers assigns the following error for our review:

THE APPELLANT WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO THE TRIAL ATTORNEY'S FAILURE TO FILE A MOTION TO SUPPRESS EVIDENCE OBTAINED AFTER THE ILLEGAL SEIZURE BY LAW ENFORCEMENT.

## III.  STANDARD OF REVIEW

{¶9}    The standard of review for ineffective assistance of counsel claims requires that an appellant establish that (1) counsel's performance was deficient, that is, it fell below an objective standard of reasonable representation, and (2) counsel's

---

[1] Although the trial court's sentencing entry states that it merged the convictions for the offenses of carrying a concealed weapon and receiving stolen property, it is manifest that the court intended to state that it was merging the convictions for carrying a concealed weapon and having a weapon while under a disability.  *See State v. Willis*, 12th Dist. No. CA2012-08-155, 2013-Ohio-2391, ¶ 40 ("it is possible to commit the offenses of carrying a concealed weapon and having a weapon while under disability with the same conduct").  The court obviously could not merge the carrying a concealed weapon offense with a charge upon which Siggers received an acquittal.

deficient performance resulted in prejudice, meaning that there is a reasonable probability that but for counsel's errors, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, 873 N.E.2d 828, ¶ 62; *State v. Sowards*, 4th Dist. Gallia No. 06CA13, 2013-Ohio-3265, ¶ 11.  In employing this standard, we apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," with the "benchmark" being "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 689, 686; *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 159.

{¶10}  In Siggers's case "'[f]ailing to file a motion to suppress does not constitute ineffective assistance of counsel per se.  To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question.'"  *State v. Williams*, 4th Dist. Scioto No. 10CA3381, 2012-Ohio-6083, ¶ 15, quoting *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 65.  Claims of ineffective assistance of counsel are rejected when counsel's failure to file a suppression motion was a tactical decision, there was no reasonable probability of success, or there was no prejudice.  *State v. Nields*, 93 Ohio St.3d 6, 34, 752 N.E.2d 859 (2001).  We must presume that trial counsel was effective if counsel "could have reasonably decided that filing a suppression motion would be a futile act, even if there is some evidence to support a motion." *State v. Walters*, 4th Dist. Scioto No. 12CA949, 2013-Ohio-772, ¶ 20.

IV.  LAW AND ANALYSIS

No Unreasonable Search and Seizure

{¶11} "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures." *State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 15. In determining the validity of the challenged seizure, we must consider the totality of the circumstances. *State v. Gardner*, 135 Ohio St.3d 99, 2012-Ohio-5683, 984 N.E.2d 1025, ¶ 17,

{¶12} The Supreme Court of the United States recognizes three categories of police-citizen interactions:  (1) a consensual encounter, which requires no objective suspicion; (2) a brief, investigatory stop or detention, which must be supported by a reasonable, articulable suspicion of criminal activity; and (3) an arrest, which must be supported by probable cause. *United States v. Williams*, 525 Fed.Appx. 330, 332 (6th Cir.2013); *Florida v. Royer*, 460 U.S. 491, 501-507, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *United States v. Mendenhall*, 446 U.S. 544, 553,100 S.Ct.1870, 64 L.Ed.2d 497 (1980).  The encounter here between Officer Howell and Siggers concerns the line between the first two categories, i.e., a consensual encounter and an investigatory stop.

{¶13} A consensual encounter occurs when the police approach a person in a public place, the police engage the person in conversation, and the person remains free to not answer and walk away. *State v. Jones*, 4th Dist. Washington No. 11CA13, 2012-Ohio-1523, ¶ 9.  Siggers claims that any consensual encounter ended and he became unlawfully seized when Officer Howell requested identification.  That assertion is incorrect because a consensual encounter remains so even if a police officer asks questions or requests identification, provided that the officer does not convey a

message that compliance with the requests is required. *State v. Massey*, 10th Dist. No. 12AP-649, 2013-Ohio-1521, ¶ 20, citing *Florida v. Bostick*, 501 U.S. 429, 435, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); *State v. Henson*, 4th Dist. Highland No. 05CA13, 2006-Ohio-2861, ¶ 14. There is no evidence in the record that Howell made such a demand.

{¶14} Moreover, even assuming that Siggers is correct that the consensual encounter had escalated to an investigatory stop at the time Officer Howell requested his identification, any seizure at that point was supported by his reasonable and articulable suspicion that criminal activity had occurred or was imminent. At the time he had requested that Siggers provide identification, Officer Howell had already observed that Siggers had violated a city ordinance that prohibited persons from riding bicycles at night without lights on the front or the back of the bike. Siggers suggests that no such ordinance exists, and although the state does not specify the pertinent ordinance in its brief, Section 373.06 of the Revised Ordinances of Chillicothe prohibits bicycles from being used at night without being equipped with lights in the front and the back. *See also* R.C. 4511.56(A). Violation of the ordinance is a minor misdemeanor and provided Officer Howell with a reasonable, articulable suspicion that Siggers had committed a crime. As the Second District Court of Appeals similarly determined in *State v. Brown*, 2d Dist. Montgomery App. No. 25204, 2012-Ohio-5532, police officers properly stopped a person riding his bicycle without lights in violation of a Dayton ordinance and asked him for identification because they had a reasonable, articulable suspicion that he had engaged in criminal activity. *See also State v. Cox*, 10th Dist. No. 99AP-1009, 2000 WL 963875 (Jul. 13, 2000) (police officer was entitled to stop defendant, who was riding his bicycle without a light on it as required by Columbus ordinance, a minor misdemeanor,

to obtain identification from him and to conduct a limited pat-down search for weapons). In addition, it is permissible for a police officer to ask a person stopped for a traffic violation if he is armed, even in the absence of a reasonable suspicion that the person is armed and presents a danger to the officer or others. *Brown* at ¶ 11.

{¶15} By the time that Officer Howell requested identification from Siggers, Siggers had also provided him a false name and acted nervously. These facts also supported a reasonable and articulable suspicion justifying an investigatory stop of Siggers. *State v. Chase*, 2d Dist. Montgomery No. 25322, 2013-Ohio-2346, ¶ 32 (provision of false information by defendant, including an incorrect name, justified continued detention to check defendant's identity and to investigate possible possession of drugs); *State v. Houston*, 4th Dist. Scioto No. 12CA3472, 2013-Ohio-686, ¶ 26 (nervous behavior justified continued detention of defendant stopped for a traffic violation).

{¶16} Ultimately, when Officer Howell asked Siggers to put his hands behind his back, he moved his hand towards the loaded gun in his belt and ran, eventually dropping the gun that the officer ultimately recovered. Therefore, the totality of the surrounding circumstances establish that when Officer Howell asked Siggers for identification, he had a reasonable and articulable suspicion that justified the investigatory stop and subsequent seizure of the loaded gun after Siggers ran away and dropped it.

{¶17} Accordingly, we cannot conclude that the decision of Siggers's trial counsel to not file a motion to suppress fell outside the wide range of reasonable professional assistance or that the motion would have been successful. To the

contrary, filing a motion to suppress would have been futile under the circumstances. In fact, a review of the entire record shows that Siggers's trial counsel provided effective assistance throughout the proceedings, garnering a not guilty verdict for Siggers on the charge of receiving stolen property and persuading the trial court to merge his convictions for carrying a concealed weapon and having a weapon while under a disability for purposes of sentencing.

## V. CONCLUSION

**{¶18}** Therefore, Siggers has not established that his trial counsel's failure to file a motion to suppress in his criminal case denied him the effective assistance of counsel. Having overruled his sole assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
     William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**