**The STATE of Ohio, Appellee,**

**v.**

**JEFFERS, Appellant.**

[Cite as *State v. Jeffers* (2001), 143 Ohio App.3d 91.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000525.

Decided May 25, 2001.

92

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for appellee.

*Stephen J. Wenke,* for appellant.

HILDEBRANDT, Presiding Judge.

Appellant, Michael Jeffers, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of robbery with a firearm specification. He was found guilty after a jury trial. For the following reasons, we affirm the trial court's judgment.

At trial, Tyna Atkinson, a clerk at a United Dairy Farmers ("UDF") convenience store, testified about the robbery, which occurred in December 1999. Atkinson was working in the evening when a person approached the counter of the store and demanded money. Atkinson's back was toward the person, but she recognized the voice as that of a regular customer. Thinking the assailant was not serious, she turned around to see a man wearing a flannel shirt, with another flannel shirt on his head that partially obscured his face.

Atkinson asked the man if he was joking about the demand for money, and he replied, "No, ma'am, if you don't hurry up, I'm going to blow your head off." At that point, Atkinson saw that one of the man's hands was in his pocket, holding what Atkinson believed to be a gun. Atkinson gave the assailant the money from both of the store's cash registers, and he left. Atkinson called the police, but they could not locate the suspect on the night of the offense.

Three days later, a man entered the store to make a purchase. Atkinson testified that, when she heard his voice, she immediately recognized him as the person who had committed the robbery. After he left the store, she recorded his vehicle's license-plate number and called the police. The vehicle was registered in Jeffers's name, and Jeffers was arrested the same evening. A search of Jeffers's residence yielded two flannel shirts matching the description of the shirts worn in the robbery. At trial, Atkinson identified Jeffers as the robber. Paul Smith, another UDF employee who was working on the night of the offense, corroborated Atkinson's testimony concerning the details of the robbery, but he could not identify the perpetrator.

Jeffers and his girlfriend, Denise Alvin, testified that they were together at their home at the time of the offense. The jury returned a verdict of guilty both on the charge of robbery and on the accompanying specification, and this appeal followed.

■■ We begin with Jeffers's second and third assignments of error in which he argues that the convictions were based upon insufficient evidence and were contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court " 'is whether, after viewing the evidence in [a] light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "[1] (Emphasis deleted.) To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]

R.C. 2911.02, the robbery statute, provides the following:

"(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

"* * *

"(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another * * *."

■ In the case at bar, the robbery conviction was in accordance with the evidence. Atkinson identified Jeffers as the man who had demanded money and threatened to "blow [her] head off" if she did not comply. Atkinson's testimony further indicated that Jeffers in fact took all of the money from the store's cash registers. Her testimony was corroborated by the recovery from Jeffers's residence of shirts matching those worn by the robber. Although Jeffers emphasizes certain alleged weaknesses in the state's case, such as Smith's inability to identify Jeffers as the robber, we cannot say that the jury lost its way and created a manifest miscarriage of justice.

■ We also find no impropriety in the conviction for the firearm specification. To establish a firearm specification, the state is required to prove that the offender possessed a weapon that was capable of firing a projectile by means of an explosive or combustible propellant and was operable or could readily have been rendered operable at the time of the offense.[3] But R.C. 2923.11(B)(2) provides that, in determining whether a weapon is capable of expelling a

---

1. *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825.

2. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.

3. See *State v. Roberts* (May 3, 1995), Hamilton App. No. C–940509, unreported, 1995 WL 256390.

projectile, "the trier of fact may rely on circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." Further, we have repeatedly held that a victim's belief that the weapon is a gun, together with the intent on the part of the accused to create and use that belief for his own criminal purposes, is sufficient to prove a firearm specification.[4]

In the instant case, the state provided sufficient evidence to prove the specification. The testimony indicated that Jeffers threatened to "blow [Atkinson's] head off" if she refused to give him the money. Jeffers further indicated that he possessed a firearm by the manner in which he concealed his hand in his pocket. Jeffers also used Atkinson's belief that he had a gun to effectuate his criminal purpose. Although Atkinson did not see a weapon and no weapon was recovered from Jeffers or his residence, the jury could have properly relied on circumstantial evidence in finding Jeffers guilty of the specification. The conviction was therefore based upon sufficient evidence and was not contrary to the manifest weight of the evidence. The second and third assignments of error are accordingly overruled.

We turn now to the fourth assignment of error, in which Jeffers contends that prosecutorial misconduct deprived him of a fair trial. Specifically, he cites as improper the assistant prosecuting attorney's comments in closing argument that criminal convictions are often based only upon eyewitness testimony.

To obtain a reversal on the ground of improper remarks made during closing argument, the defendant must demonstrate not only that the comments were improper, but also that they were prejudicial.[5] In the case at bar, we find no prejudicial error. Even were we to accept Jeffers's argument that the remarks improperly invited the jurors to consider evidence outside the record and thereby reassured them that the evidence against Jeffers was sufficient to convict him, we would find no prejudice to have been occasioned. In the context of the entire proceedings, the remarks were inconsequential, and the jury was properly instructed on the state's burden of proof. Under these circumstances, we cannot say that Jeffers was deprived of a fair trial, and we overrule the fourth assignment of error.

In his first assignment of error, Jeffers argues that he was deprived of the effective assistance of trial counsel, in that his attorney failed to request a

---

4. See, *e.g.*, *State v. James* (Dec. 21, 1994), Hamilton App. No. C–930618, unreported, 1994 WL 721908. See, also, *State v. Green* (1996), 117 Ohio App.3d 644, 651, 691 N.E.2d 316, 321.

5. *State v. Pearson* (Dec. 1, 2000), Hamilton App. No. C–990860, unreported, 2000 WL 1760519.

mistrial due to the remarks of the assistant prosecuting attorney described in the fourth assignment of error. We disagree. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation, and, in addition, that prejudice arose from counsel's performance.[6] Having held that Jeffers was not prejudiced by the assistant prosecutor's remarks, we also hold that counsel's failure to request a mistrial was not prejudicial. The first assignment of error is therefore overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SUNDERMANN, J., concurs.

PAINTER, J., dissents in part.

PAINTER, Judge, dissenting in part.

Only as to the firearm specification, I dissent. While brandishing a gun and threatening to shoot it have been held sufficient to prove operability of the firearm (a dubious proposition at best), simply *saying* one has a gun is not. If Jeffers had been apprehended at the scene, and the pocket contained no gun, no one would contend that a firearm specification would be proper. How can anyone say beyond a reasonable doubt both that Jeffers had a firearm, and that the firearm was operable? The law *could* say that the mention of a gun is sufficient for a firearm specification, but it does not so state. After *State v. Thompkins,*[7] I have concurred when witnesses at least *saw* a firearm,[8] but I refuse to do so when no firearm was observed. I can abide only so much sophistry.[9]

---

**6.** *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693–693.

**7.** *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541.

**8.** See, *e.g., State v. Kersey* (1997), 124 Ohio App.3d 513, 706 N.E.2d 818.

**9.** See *State v. Green* (1996), 117 Ohio App.3d 644, 655, 691 N.E.2d 316, 323 (Painter, P.J., dissenting).