[Cite as *State v. James*, 2013-Ohio-5475.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 13CA3370 |
| v. | : | |
| | : | DECISION AND |
| Dana S. James, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Released: 12/05/2013 |

APPEARANCES:

Lori J. Rankin, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

Hoover, J.

{¶ 1} This is an appeal from the Ross County Court of Common Pleas, where a jury found appellant, Dana S. James, guilty of one count of Aggravated Robbery, a first degree felony, in violation of R.C. 2911.01, with a Firearm Specification. Appellant was sentenced to six years in prison on the count of Aggravated Robbery and an additional three years on the Firearm Specification, for an aggregate total of nine years.

{¶ 2} Appellant sets forth two assignments of error for review:

First Assignment of Error:

IN VIOLATION OF DUE PROCESS, MR. JAMES WAS FOUND

GUILTY OF A FIREARM SPECIFICATION WHEN SUCH A

FINDING WAS NOT BASED ON SUFFICIENT EVIDENCE.

Second Assignment of Error:

THE CUMULATIVE EFFECT OF THE ERRORS MADE BY TRIAL

COUNSEL DENIED MR. JAMES HIS CONSTITUTIONAL RIGHT TO

THE EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL

For the following reasons, we overrule appellant's assignments of error and affirm his

convictions.

{¶ 3} In the early hours of April 21, 2012, two individuals stole an unknown

amount of money from a Chillicothe Burger King. An investigation led law enforcement

to believe that two brothers, Dana and Brock James, committed the offense. The brothers

were aided by Robert De Los Santos, a Burger King employee. On June 1, 2012, Dana

James, appellant herein, was charged with one count of Aggravated Robbery with a

Firearm Specification. Brock James was charged with one count of Complicity to

Aggravated Robbery.

{¶ 4} On July 20, 2012, the trial court joined the cases and scheduled a trial date.

Before the trial, Brock James pleaded guilty to the complicity charge pursuant to a plea

agreement. Appellant's two-day trial occurred on January 28, 2013 and January 29,

2013. The jury found appellant guilty as to the charge of Aggravated Robbery with a

Firearm Specification. The trial court sentenced him to six years in prison on the count

of Aggravated Robbery with an additional three years for the Firearm Specification.

Appellant timely filed this appeal.

FIRST ASSIGNMENT OF ERROR

{¶ 5} In his first assignment of error, appellant argues that his conviction of a

Firearm Specification was not supported by sufficient evidence. He argues that the State

failed to prove that the alleged firearm was operable. The State counters that enough

evidence was presented for the jury to find appellant guilty of the Firearm Specification.

The State cites two employees who both testified to seeing a handgun in appellant's

possession. Additionally, the State argues that even without the express verbal threat to

fire the gun, the fact that appellant made demands while pointing the gun at the respective

witnesses, satisfies the element of operability.

### A. Legal Standard

{¶ 6} "When reviewing the sufficiency of the evidence, our inquiry focuses

primarily upon the adequacy of the evidence; that is, whether the evidence, if believed,

reasonably could support a finding of guilt beyond a reasonable doubt." *State v. Davis*,

4th Dist. Ross No. 12CA3336, 2013-Ohio-1504, ¶ 12 citing *State v. Thompkins*, 78 Ohio

St.3d 380, 386, 678 N.E.2d 541 (1997). "The standard of review is whether, after

viewing the probative evidence and inferences reasonably drawn therefrom in the light

most favorable to the prosecution, any rational trier of fact could have found all the

essential elements of the offense beyond a reasonable doubt." *Id.* citing *Jackson v.*

*Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks,* 61

Ohio St.3d 259, 273, 574 N.E.2d 492 (1991).

{¶ 7} "Therefore, when we review a sufficiency of the evidence claim in a

criminal case, we review the evidence in a light most favorable to the prosecution." *State*

*v. Warren*, 4th Dist. Ross No. 12CA3324, 2013-Ohio-3542, ¶ 15 citing *State v. Hill,* 75

Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant,* 67 Ohio St.3d 465, 477,

620 N.E.2d 50 (1993). "A reviewing court will not overturn a conviction on a sufficiency

of the evidence claim unless reasonable minds could not reach the conclusion the trier of

fact did." *Id*. citing *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E .2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E .2d 749 (2001).

{¶ 8} "For a firearm specification to apply, an offender must have 'had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.' " *State v. Colley*, 4th Dist. Scioto No. 09CA3323, 2010-Ohio-4834, ¶ 56 quoting R.C. 2941.145(A). A court evaluates the evidence of a firearm's operability by examining the totality of the circumstances. The state may use circumstantial evidence to establish that the defendant possessed an operable firearm. *State v. Dickess*, 4th Dist. Scioto No. 06CA3128, 2008-Ohio-39, ¶ 53 citing *Thompkins*, at paragraph one of the syllabus.

{¶ 9} A victim's belief that the weapon is a gun, together with the defendant's intent to create and use the victim's belief for the defendant's own criminal purposes, is sufficient to prove a firearm specification. *Id.* citing *State v. Jeffers*, 143 Ohio App.3d 91, 757 N.E.2d 417 (2001). "*** [T]he trier of fact may consider *** any implicit threat made by the individual in control of the firearm." *State v. Brooks*, 8th Dist. Cuyahoga No. 92389, 2009-Ohio-5559, ¶ 28 quoting *Thompkins* at 385. "[W]here an individual brandishes a gun and implicitly but not expressly threatens to discharge the firearm at the time of the offense, the threat can be sufficient to satisfy the state's burden of proving that the firearm was operable or capable of being readily rendered operable." *Thompkins* at 384. *Thompkins* clarifies that actions alone, without verbal threats, may be sufficient circumstances to establish the operability of a firearm." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), fn. 3.

## B. Analysis

{¶ 10} At trial, two witnesses who were working for Burger King the night in question gave testimony regarding the appellant holding a firearm during the robbery. The first was Cody Krafthefer, who first encountered the robbers after they walked in through the back door.  On direct examination, Mr. Krafthefer testified:

MR. KRAFTHEFER: By that time I was already in the store, and I turned around and there were two men in the store and I raised my hand to tell them you can't be here.

MR. MARKS: Okay.  What did they do?

MR. KRAFTHEFER: The taller one produced a small handgun, what looked like a handgun, and said, this isn't a joke.  You need to get down on the ground.

…

MR. MARKS: Okay.  And you say it was the taller one that produced what you believed to be a handgun?

MR. KRAFTHEFER: Right.

MR. MARKS: What made you believe that it was a handgun?

MR. KRAFTHEFER: It was just, it looked like a barrel, and I've seen handguns.  My Dad has handguns.  I've been around them all my life.  I really thought it was a gun.

{¶ 11} The assistant manager at Burger King, Patricia Uhrig, was also working on the night in question.  As she was breaking down the money drawers for the night, she heard a voice tell her: "ma'am, give me all your money."  Ms. Uhrig also testified

regarding a gun used in the robbery.  She gave the following testimony on direct examination:

MR. MARKS: Along with the face being covered up with the, I believe you said a t-shirt, what else did you observe at that time?

MS. UHRIG: I noticed a gun pointed at me.

MS. MARKS: Where was the gun located?

Ms. UHRIG: It was inside of his sleeve.

MR. MARKS: Okay.  Were you able to see any of it?

MS. UHRIG: Just the end part of it.

MR. MARKS: What caused you to believe that it was a gun?

MS. UHRIG: Well, it was dark grey. I mean, it's, it was shaped like a gun, so.

MR. MARKS: Had you seen guns before?

MS. UHRIG: Well, yes and no.  I don't own a gun.  I've seen guns on TV and stuff, and in books and things, but I've never had one pointed at me.

MR. MARKS: Okay.  Approximately how far away from you was the gun as it was pointed at you?

MS. UHRIG:  He was, he had it in his sleeve.

MR. MARKS: But how far away was it from you?

MS. UHRIG: I don't know, I was sitting there, and he was standing in the doorway.  Maybe two feet.

{¶ 12}  Appellant argues that the robber never made any statement or gesture indicating he would use the gun to shoot anyone.  Therefore, according to appellant, the

State failed to prove the alleged firearm was operable. We disagree. Here, two employees, working the night of the robbery testified to seeing a gun in the robber's possession. Mr. Krafthefer testified that he was ordered to stay on the floor, while he could see the gun pointed at him. Similarly, Ms. Uhrig testified that the robber asked her for money, while having a gun pointed at her. Consequently, evidence existed in this case that a firearm was used as an implicit threat and facilitated the criminal offense. Considering our standard of review and these facts, we decline to reverse appellant's guilty verdict on the firearm specification. A trier of fact in this case could have reasonably concluded that appellant was in possession of a firearm at the time of the robbery. Therefore, we overrule appellant's first assignment of error.

## SECOND ASSIGNMENT OF ERROR

{¶ 13} In appellant's second assignment of error, he argues that his trial counsel committed multiple errors in violation of his Sixth Amendment right to effective assistance of counsel.

### A. Legal Standard

{¶ 14} Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *See McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14; *State v. Stout*, 4th Dist. Gallia No. 07CA5, 2008-Ohio-1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State*

*v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff*, 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998).

{¶ 15} "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." (Citations omitted.) *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other.").

{¶ 16} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 17 OBR 219, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *See*

*State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

{¶ 17}  To establish prejudice, a defendant must demonstrate that a reasonable probability exists that but for counsel's errors, the result of the trial would have been different.  *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus (1989).  Furthermore, courts may not simply assume the existence of prejudice, but must require that prejudice be affirmatively demonstrated.  *See State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. Ross No. 01CA2592, 2002 WL 507529, *3 (Apr. 2, 2002); *State v. Kuntz*, 4th Dist. Ross No. 1691, 1992 WL 42774, *2 (Feb. 26, 1992).

### B. Analysis

{¶ 18}  Appellant lists several errors made by trial counsel.  Appellant argues that cumulatively the errors prejudiced his defense in such a manner as to deny his Sixth Amendment right to counsel and a fair trial.

{¶ 19}  Appellant contends that his defense was prejudiced when his trial counsel failed to file a motion to suppress the money Officer Gannon seized from him on a matter unrelated to the robbery.  First, we note that the failure to file a motion to suppress does not constitute per se ineffective assistance of counsel.  *State v. Walters*, 4th Dist. Adams No. 12CA949, 2013-Ohio-772, ¶ 20.  Instead, the failure to file a motion to suppress amounts to ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made.  *Id.*, *See, State v. Resendiz*, 12th Dist. No. CA2009-04-012, 2009-Ohio-6177, ¶ 29.

{¶ 20}  On July 22, 2012, a day after the robbery, Chillicothe Police Officer Tonya Gannon responded to a call regarding a domestic dispute and a subject with a gun. Officer Gannon noticed an individual matching the description of a white male wearing glasses and a white hooded sweatshirt.  The individual was appellant Dana James.  Upon making contact with appellant, Officer Gannon observed a bag of marijuana in his sweatshirt pocket.  The officer also found approximately six hundred dollars in cash.  The record indicates that Officer Gannon seized both the marijuana and the cash. The record does not indicate whether appellant was arrested at that time.

{¶ 21} Appellant relies on the fact that the record is silent concerning whether he was arrested as a result of his interaction with Officer Gannon.  Appellant argues that without an arrest, no legal justification exists for the seizure of money.

{¶ 22}  The record lacks sufficient information for us to determine whether a motion to suppress would have been granted.  We have previously addressed such a situation in *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482.  This court acknowledged, "***it may be difficult for a defendant to establish in hindsight that a suppression motion would have been granted on the basis of evidence contained in a trial transcript." *Id.* at 14.  "Where the record is not clear or lacks sufficient evidence to determine whether a suppression motion would have been successful, a claim for ineffective assistance of counsel cannot be established" *State v. Parkinson*, 5th Dist. Stark No. 1995CA00208, 1996 WL 363435, *3 (May 20, 1996).

{¶ 23}  Here, we do not know if Officer Gannon arrested appellant when she seized the marijuana and the cash.  Without this information, we cannot determine if an earlier motion to suppress might have been granted.  Additionally, appellant cannot meet

his burden to demonstrate that the motion to suppress would have been granted and the outcome of the proceeding would have been different. Therefore, appellant's argument with respect to the motion to suppress is overruled.

{¶ 24} Appellant's second claim of ineffective assistance of counsel is based upon trial counsel failing to file a motion in limine regarding the testimony of Besty Smith. Ms. Smith was the girlfriend of appellant's brother Brock James. According to appellant, Ms. Smith gave testimony that did not meet Evid.R. 801(D)(2)(e) regarding statements that are not hearsay, and thus should not have been submitted to the jury.

{¶ 25} Evid. R. 801(D)(2)(e) states: "A statement is not hearsay if the statement is offered against a party and is (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."

{¶ 26} Ms. Smith testified on two different occasions. When she took the stand the first time, she was asked if she ever had a conversation with Brock James, appellant's brother, about the Burger King robbery. Appellant's trial counsel immediately objected; and the trial court sustained the objection under Evid.R. 801(D)(2) because the State lacked independent proof of a conspiracy.

{¶ 27} The State then requested to dismiss Ms. Smith and call Robert De Los Santos as a witness with the intention that he would provide the independent proof. After the testimony of Mr. De Los Santos, Ms. Smith was recalled to the stand. The State asked Ms. Smith again if she had any conversations with Brock James about the robbery before it took place. Appellant's trial counsel again objected on the basis of hearsay. This time the court overruled counsel's objection.

{¶ 28}  Appellant argues that if counsel would have requested the exclusion of this evidence prior to trial, via a motion in limine, the trial court would have been informed that the statement in no way furthered the conspiracy and was therefore inadmissible hearsay.  We disagree with appellant and find no ineffective assistance of counsel regarding Ms. Smith's testimony.  Trial counsel actually objected both times when the State questioned Ms. Smith about the conversations she might have had with Brock James prior to the robbery.  Therefore, we cannot find error when trial counsel acted to exclude the testimony to which appellant now argues should not have been submitted to the jury.

{¶ 29}  Next, appellant argues that his trial counsel failed to protect and exercise his client's right to confront witnesses by his inept and, at times, damaging cross examination of the state's witnesses.  Appellant alleges that his trial counsel (1) failed to reveal to the jury a jailhouse informant's self interest for providing testimony, (2) failed to follow the cardinal rules of cross examination, and (3) aided the State's case by allowing the State's witnesses to add to their direct testimony and support their credibility.

{¶ 30}  "The extent and scope of cross-examination clearly fall within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel." *State v. Madden*, 4th Dist. Adams No. 09CA883y, 2010-Ohio-176, ¶ 25 quoting *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, at ¶ 146, *See also, State v. Campbell,* 90 Ohio St.3d 320, 339, 2000-Ohio-183, 738 N.E.2d 1178; *State v. Otte,* 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711.

{¶ 31} Appellant alleges that trial counsel failed to properly cross-examine David Payne Jr., who spent time with appellant as an inmate at the Ross County jail.  Appellant argues that trial counsel failed to reveal Mr. Payne's motivations in testifying against appellant.  After a review of the transcript, it appears trial counsel questioned Mr. Payne about this very subject.  From the record, the following testimony occurred on cross-examination:

MR. CARTER [appellant's trial counsel]: You weren't trying to seek out any type of deal or give information for anything?

MR. PAYNE: No.

MR. CARTER: So you just did it out of the completion [sic] kindness of your heart to report it to the police?

MR. PAYNE: I mean, yeah, that's, I…

MR. CARTER: Okay.

MR. PAYNE: I mean, I wasn't promised nothing or..

MR. CARTER: Well, I mean, I know you weren't promised anything, but were you hoping for something?

MR. PAYNE: Well, yeah, I was hoping for something, but I mean, I wasn't, you know…

MR. CARTER: So in fact, you were giving information hoping you would get some type of deal?

MR. PAYNE: Yeah.

It is clear that counsel attempted to call attention to Mr. Payne's potential motives in testifying against appellant. Accordingly, we do not find trial counsel's cross-examination of Mr. Payne rises to the level of deficient performance.

{¶ 32} Appellant also alleges that trial counsel failed to follow cardinal rules of cross-examination. Appellant mentions examples such as trial counsel failing to ask leading questions, allowing witnesses to explain their direct examination answers, and eliciting additional information that aided the State's case. After examining the transcripts of trial counsel's cross-examination of witnesses, we find appellant has failed to overcome the presumption of debatable trial tactics. Furthermore, nothing in the record demonstrates that the cross-examination rose to the level of deficient performance which prejudiced appellant. Therefore, we do not find trial counsel's cross-examination constitutes ineffective assistance of counsel.

{¶ 33} Lastly, appellant argues that trial counsel failed to raise a Crim.R. 29 motion for acquittal on the firearm specification. Crim.R. 29 states: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." This argument was essentially addressed in appellant's first assignment of error. Since we determined that the firearm specification was supported by sufficient evidence, appellant cannot demonstrate prejudice for trial counsel's failure to make a Crim.R. 29 motion for acquittal.

{¶ 34} Appellant has failed to affirmatively demonstrate that trial counsel's alleged errors provided him ineffective assistance of counsel. Therefore, we overrule appellant's second assignment of error.

### III. Conclusion

{¶ 35} In conclusion, we find no merit in appellant's assignments of error. Sufficient evidence existed to support the jury's conviction as to the firearm specification. In addition, appellant has failed to prove that his trial counsel provided ineffective assistance of counsel that resulted in him being prejudiced. Accordingly, we overrule appellant's assignments of error and affirm his convictions.

**JUDGMENT AFFIRMED.**

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.