[Cite as *State v. Brown*, 2019-Ohio-3349.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-180180 |
| | | C-180181 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1701417 |
| | | B-1703061 |
| vs. | : | |
| | | *O P I N I O N.* |
| ROBERT BROWN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:   Reversed and Cause Remanded in C-180181;
     Appeal Dismissed in C-180180

Date of Judgment Entry on Appeal:  August 21, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller* Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}   Pretending that your finger is a gun for purposes of committing a robbery will not excuse you of criminal liability for the robbery, but it does prevent a conviction for offenses dependent on actually having a firearm.  Defendant Robert Brown entered a video game store with his hand shrouded in a bag, gesturing as if he held a gun underneath.  The store's video footage, however, reveals that he did not possess an actual firearm because he eventually pulled his hand out from the bag without any weapon, held the bag open wide with both hands, and one of the witnesses peered into the bag (and never claimed to have seen a weapon).  For that reason, we reverse Mr. Brown's aggravated-robbery conviction with the accompanying firearm specification, and we remand the cause for the trial court to enter a judgment of conviction for robbery under R.C. 2911.02(A)(2).

{¶2}   Before we commence the firearm-related analysis, however, we note that Mr. Brown pled guilty to felonious assault under R.C. 2903.11(A)(1), which he appealed in the case numbered C-180180.  But Mr. Brown offered no assignments of error related to that felonious-assault conviction, and accordingly we dismiss that appeal as abandoned.  *See State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 42-44 (1st Dist.).

{¶3}   Turning to the case numbered C-180181, Mr. Brown challenges his conviction for aggravated robbery under R.C. 2911.01(A)(1) with an accompanying firearm specification following a jury trial,[1] raising two assignments of error: weight and sufficiency of the evidence, and the admissibility of certain evidence.  The former merits our attention and proves dispositive.

---

[1] The jury also found him guilty of robbery under R.C. 2911.02(A)(2) (which merged with the aggravated-robbery conviction).

{¶4}   The record reflects that on the evening of Halloween in 2016, at nearly 8:00, a man clad in all black entered a GameStop store on Colerain Avenue.  Two employees, Jason Testa and manager Caitlyn Shuttleworth, and two customers, Carl Jones and DeMarco Green, were present in the store at the time.  They initially presumed that the individual was attired for Halloween, but he quickly disabused them of that notion, announcing his intentions to rob the store and the individuals.

{¶5}   The man's face was covered, and he had a black bag over his left hand. The robber entered the store with his left arm extended like he was holding a weapon, and told everyone to get down on the ground.  All four witnesses hit the deck, based on their belief that the robber possessed a weapon underneath the bag. The robber then told them, "I'm not trying to harm anybody, but if you do anything, then I will."

{¶6}   The robber ordered Ms. Shuttleworth to get up, open the cash registers, and put all of the money in the bag—the same bag that was purportedly hiding the weapon.  After she did so, the robber ordered her to accompany him to the back room.  Before going in the back room, he stated that "if anybody do anything or anything, I will hurt them * * * ."  In the back room, the robber collected some video games and placed them in the same bag.  He eventually absconded with Ms. Shuttleworth's cell phone, over $1,000 in cash, and six video games.  None of the witnesses ever saw a gun, and fortunately no one was harmed in the encounter.

{¶7}   While the robber and Ms. Shuttleworth rummaged around in the back room, Messrs. Green and Jones sprinted out of the store and called 911.  They watched as the robber left the store, ran around the corner toward the back of the store, and hopped over a fence, with Mr. Jones relaying the play-by-play information to the 911 operator.

{¶8}   Colerain Township police officers responded immediately to the scene. A canine unit was dispatched, and the dog led police down an alley east of the store toward a barbed-wire fence that belonged to a storage facility. There, they found a black cloth bag and a black glove impaled on the fence and currency scattered on the ground, some of which was blood-splattered. Ms. Shuttleworth's cell phone and additional money were found inside the bag. The police ultimately set their sights on Mr. Brown after DNA testing matched his DNA with the DNA recovered from the blood stains, and he was ultimately charged for the robbery.

{¶9}   The video surveillance footage from GameStop security cameras that captured the robbery emerged as one of the central pieces of evidence at trial, along with some still footage from the robbery. And since none of the witnesses could identify Mr. Brown as the robber (because of the head covering), the DNA evidence played a key role as well. The jury eventually found Mr. Brown guilty of aggravated robbery and one firearm specification, as well as robbery.

{¶10}   As his lead argument on appeal, Mr. Brown attacks the sufficiency of the evidence, maintaining that the state failed to prove that he possessed a deadly weapon. R.C. 2911.01(A)(1) provides that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." Former R.C. 2923.11(A), in effect on October 31, 2016, the date of the offense, defined a deadly weapon as "any instrument, device or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." This argument also implicates the firearm specification. Under R.C. 2941.145(A), a court must impose a mandatory three-year

prison term when the jury determines that "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." Former R.C. 2923.11(B)(1) defined a firearm as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." It also provided that the term "firearm" includes "an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."

{¶11} We review challenges to the sufficiency of the evidence to assess whether, construing the evidence in a light most favorable to the state, "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶12} We have previously explained that to establish both the firearm specification and the deadly-weapon element of aggravated robbery, the state must prove beyond a reasonable doubt that the offender possessed an operable firearm. *See State v. Obsaint*, 1st Dist. Hamilton No. C-060629, 2007-Ohio-2661, ¶ 18. Of course, sometimes the firearm is not recovered, and thus the state may prove that element using circumstantial evidence. *See* former R.C. 2923.11(B)(2); *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph one of the syllabus ("A firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence."); *State v. Jeffers*, 143 Ohio App.3d 91, 95, 757 N.E.2d 417 (1st Dist.2001) (verbal threat to use firearm sufficed to sustain the conviction despite the fact that no witness saw the firearm). Nevertheless, the state always bears the burden to prove the elements of the offense and the firearm specification beyond a

reasonable doubt. *See Thompkins* at 383; *Obsaint* at ¶ 13; *State v. Kovacic*, 11th Dist. Ashtabula No. 2002-A-0032, 2003-Ohio-5219, ¶ 20.

{¶13} In this case, no witness actually saw Mr. Brown with a firearm. Nor did he convey that he had a firearm. To be sure, he did threaten to "harm" the victims in the store if they did not comply with his demands, but he did not state that he had or might use a gun. Typically, evidence supporting a conviction consists of a witness seeing the firearm or an explicit threat related to a firearm. *Jeffers* at 95 (testimony that defendant threatened to "blow [victim's] head off"). Nevertheless, his actions certainly convinced the victims that he possessed a gun. If our record were confined to this, it would be a close case whether the state proved beyond a reasonable doubt that he possessed an operable firearm.

{¶14} But the direct evidence in the videotape negates the inferences that might otherwise be drawn from the circumstantial evidence, and confirms that the state did not meet its burden. The video shows Mr. Brown entering the store with his left arm extended and covered with a bag as if he had a gun, and the witnesses dropped to the ground. He then removed his left hand (without any gun), transferring the bag to his right hand while pointing with his left hand over the counter, giving instructions to the victims. On command, Ms. Shuttleworth stood up and Mr. Brown came around behind the counter (where she was). As she emptied two registers, he twice held the bag open wide with both hands (much like a trick or treater) for Ms. Shuttleworth to put the money in the bag, and he did not have a gun in either hand. The only place the gun (if it existed) could have disappeared to was in the bag, but Ms. Shuttleworth was looking directly in the bag and presumably would have testified that she saw the weapon if it were there.

{¶15} Before he walked back around the counter, Mr. Brown reached down and patted Mr. Testa, who was still lying on the ground, with his left hand, while he continued to hold the bag with his right. Again, he had no gun in either hand, and the videotape did not show that he had it anywhere else on his person. Thus, the video footage confirms that Mr. Brown did not possess a gun during the robbery.

{¶16} Consequently, we cannot hold that a rational trier of fact could have found that the state proved beyond a reasonable doubt the deadly-weapon element of aggravated robbery or the firearm specification. Therefore, the evidence was not sufficient to support the conviction. *See Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus; *State v. Ojile*, 1st Dist. Hamilton Nos. C-110677 and C-116078, 2012-Ohio-6015, ¶ 48.

{¶17} We accordingly sustain Mr. Brown's first assignment of error on sufficiency grounds with respect to the aggravated robbery and firearm specification (which moots the manifest weight aspect to the assignment). We reverse his conviction for aggravated robbery with the accompanying firearm specification. While the evidence was insufficient to prove aggravated robbery, it sufficed to prove robbery under R.C. 2911.02(A)(2). *See State v. Hammond*, 8th Dist. Cuyahoga No. 99074, 2013-Ohio-2466, ¶ 34-35. Consequently, we remand the cause to the trial court to vacate the aggravated-robbery conviction with the firearm specification and to enter a conviction for robbery.

{¶18} In his second assignment of error, Mr. Brown contends that the trial court erred in admitting photographs in violation of Evid.R. 403(A). He argues that the trial court abused its discretion in admitting still photographs taken from the video surveillance footage. But since Mr. Brown's arguments under this assignment

7

of error only relate to the question of whether he possessed a firearm, we find this assignment of error to be moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶19} In sum, we dismiss the appeal numbered C-180180 as abandoned. In the appeal numbered C-180181, we reverse Mr. Brown's conviction for aggravated robbery with the accompanying firearm specification, and we remand the cause for the trial court to enter a judgment of conviction for robbery under R.C. 2911.02(A)(2) and to resentence accordingly.

Judgment accordingly.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.